1
2
3                                    O
4
5
6
7
8                UNITED STATES DISTRICT COURT
9               CENTRAL DISTRICT OF CALIFORNIA
10
11   ANTHONY CASTELLANOS,        ) Case No. CV 08-8177-JVS (DTB)
                                 )
12                  Petitioner,  )
                                 )
13            vs.                ) ORDER ACCEPTING FINDINGS,
                                 ) CONCLUSIONS AND
                                 ) RECOMMENDATIONS OF UNITED
14   LARRY SMALL, Warden,        ) STATES MAGISTRATE JUDGE
                                 )
15                  Respondent.  )
                                 )
16   _____)

17        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records
18   and files herein, and the Report and Recommendation of the United States Magistrate
19   Judge. Objections to the Report and Recommendation have been filed herein.  Having
20   made a de novo determination of those portions of the Report and Recommendation
21   to which objections have been made, the Court concurs with and accepts the findings,
22   conclusions and recommendations of the Magistrate Judge, except as noted in the next
23   paragraph.
24
25        With respect to Juror No. 6963, the Magistrate Judge concluded that the
26   prosecutor had failed to state a race-neutral basis for his challenge.  (Report, p. 34.)
27   In his Objection, petitioner likewise concludes that no basis for the challenge was
28   stated. (Objection, p. 14.)  However, the transcript reveals the following in response

                                        1

to petitioner's <u>Wheeler/Batson</u> challenge:

[Prosecutor]: Your Honor, the way the current law is, the Court has to find a prima facie showing.

THE COURT; Well, there are four Hispanics excused.

[Prosecutor]; The last juror had friends - -

THE COURT: He had friends in gangs.

[Prosecutor]: In gangs.

THE COURT: That's the reason?

Okay.

(2 R.T. 60.)  The discussion then moved on to another juror.  The Court disagrees with the Magistrate Judge's conclusion that this passage was referring to another juror. (Report, p. 34 n.18.)

Although the exchange between the Court and the prosecutor was somewhat elliptical, the Court finds that the prosecutor agreed with the Court that the basis for the challenge was gang relationships.  Thus there was a race-neutral basis for the challenge which was supported by the record.  (2 R.T. 45.)  The challenge to Juror 6963 was proper.

If one reads the transcript as the Magistrate Judge did to conclude that the

prosecutor did not have an opportunity to state the basis for his challenge, it was then proper to consider the prosecutor's post-trial declaration.  (Report, p. 35, citing Paulino v. Castro, 371 F.3d 1083 1092 (9th Cir. 2004).)  Whether one relies on the colloquy at trial or the prosecutor's post-trial declaration, the challenge was proper under the three-step analysis mandated by Batson.  Batson v. Kentucky, 476 U.S. 79, 98 (1986); accord Snyder v. Louisiana, 552 U.S. 472, 476 (2008)


    IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED:  April 25, 2012

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE